IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALFREDA HYSON** <br> 2907 26TH Street, N.E. <br> Washington, DC 20018 <br><br>     **Plaintiff,** <br><br>         v. <br><br> **ARCHITECT OF THE CAPITOL** <br> **SERVE:**    Office of the General Counsel <br>              Ford House Office Building <br>              Room H2-265A <br>              2nd and D Streets, S.W. <br>              Washington, D.C. 20515 <br><br> **SERVE:**    Attorney General of the U.S. <br>              Michael B. Mukasey, or his <br>              designated representative <br>              U.S. Department of Justice <br>              950 Pennsylvania Avenue, NW <br>              Washington, DC 20530-0001 <br><br> **SERVE:**    United States Attorney <br>              Jeffrey A. Taylor, or his designated <br>              representative <br>              Judiciary Center Building <br>              555 Fourth Street, NW <br>              Washington, DC 20530 <br><br>     **Defendant.** | * <br> * <br> * <br> * <br> * <br> * <br> * <br> *    Case No.: _____ <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>PLAINTIFF'S COMPLAINT</u>**
**<u>FOR DAMAGES AND EQUITABLE RELIEF</u>**

      NOW COMES, Plaintiff, Alfreda Hyson, by and through counsel, Donna Williams

Rucker and the law firm of DuBoff & Associates, Chartered and for cause of action further

states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is proper pursuant to, 29 U.S.C. 791, §201 of the Congressional Accountability Act and pursuant to 42 U.S.C. Section 2000(e) et seq., Title VII of the Civil Rights Act of 1964, as amended, and 28 U.S.C. Sections 1331, 1337, and 1343. Venue is appropriate and based on the fact that the actions complained of are the result of actions and employment practices of Defendant, an Agency of the federal government that operates within the District of Columbia.

2. Plaintiff Alfreda Hyson ("Hyson") timely filed a complaint with the Office of Compliance within the Architect of the Capitol alleging harassment, hostile work environment, discrimination based on reprisal and gender (female). This matter was not resolved through mediation. Plaintiff files this civil action timely and in accordance with the authority noted in her End of Mediation Notice dated March 4, 2008. A copy of the same is attached to this Complaint.

## PARTIES

3. Plaintiff is a resident of the District of Columbia, and at all times relevant hereto, she was an employee of Defendant, the Architect of the Capitol ("AOTC").

4. Defendant, AOTC is an Agency under the federal government and is located in the District of Columbia.

## FACTS

5. Plaintiff has been involved in prior protected activity, she has filed prior EEO Complaints and she has testified on behalf of persons so filing.

6. Subsequent to her EEO activity, Plaintiff began experiencing retaliation and has

been subjected to a hostile work environment by the Defendant.

7.  The Defendant's reprisal has continued from Plaintiff's first filing an EEO Complaint, and as such is in close in proximity to plaintiff's prior involvement in protected activity.

8.  At all times herein mentioned Defendant was aware of Plaintiff's involvement in prior protected activity.

9.  Plaintiff applied for the position of WS-3502-04 a Day Laborer Assistant Supervisor position.

10. On or about April 30, 2007, Plaintiff was not selected for the Assistant Supervisor, WS-3502-04 position; a less qualified male was selected to fill the WS-3502-04 position.

11. Plaintiff was interviewed for the WS-3502-04 position while the male who was selected was never interviewed.

12. Plaintiff was more qualified for the position for which she was no selected than the male who was selected for the WS-3502-04 position.

13. Plaintiff has been denied leave, despite having leave available and submitting timely leave requests.

14. Plaintiff was removed from her position as Team Leader.

15. Plaintiff had a documented medical condition, for which she had provided medical documentation to her supervisors to verify that required her to not wear a portion of the uniform required by the AOTC.

16. Despite having provided medical documentation to the Defendant, Plaintiff has

been continually harassed regarding the wearing of the uniform and/or her attire when other employees, who have not been involved in prior protected activity, regularly do not wear the full uniform without being harassed.

17.     Plaintiff has, since her EEO activity has been regularly subjected to acts of reprisal, including, receiving a memorandum of counseling, being removed as team leader, being non-selected for promotion, harassed about not having a radio, she has been monitored at her work sites, she has been called into meetings where her continued employment is threatened, she has been forced to change her work assignments, harassed about her uniform despite medical documentation regarding her condition, denied leave and otherwise harassed while other similarly situated employees who have not filed complaints with Equal Employment have not been subjected to the same treatment.

18.     Since the EEO Complaints were filed and after she supported the allegations of discrimination by a co-worker, Plaintiff has been unfairly subjected to acts of reprisal, including being unfairly counseled, she was forced to prepare a proposal regarding the rooms she was to inspect, despite the nature of her duties making the planning of her work day in this manner futile and was subjected to other threats concerning her job security.

19.     Plaintiff has been told by her supervisors that she is not to be seen with a certain co-worker or she will be disciplined.  This employee is also employed as a day laborer with the AOTC.  This employee has a pending EEO case in court and no restrictions have been issued regarding Plaintiff being with any other employee.

20.     Plaintiff complained to her supervisor and upper management about the harassment, the discrimination, the reprisal, and the disparate treatment to which she has been

subjected and no investigation or action has been taken to address her concerns.

21. Plaintiff has experienced a great amount of stress, pain, suffering and humiliation as a direct result of Defendant's actions and/or inactions, and she has incurred lost wages, and other costs and expenses and will continue to do so into the future.

**COUNT I**
**(Discrimination based on Gender and Reprisal in violation of Title VII**
**(Non-selection – Disparate Treatment - Reprisal – Hostile Work Environment)**

22. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs and further alleges as follows:

23. Plaintiff is female, and she has been employed by the Defendant since September of 2001.

24. Defendant was aware of Plaintiff's prior protected activity.

25. Defendant's failure to take appropriate, effective action regarding Plaintiff's complaints was done so in reprisal for Plaintiff's prior protected activity and to create a hostile work environment for Plaintiff.

26. The Defendant's denied Plaintiff employment opportunities and other considerations offered to other similarly situated employees who had not filed EEO Complaints.

27. Plaintiff applied for the position of lead supervisor, WS-3502-04.

28. Plaintiff was interviewed for the position and despite being qualified, she was not selected and the position remained open.

29. Although he was not interviewed, Defendant selected a less qualified male employee to fill the position.

30. Plaintiff was non-selected based on her sex and in reprisal for prior protected

activity.

31. Also, Defendant's actions were close in proximity to Plaintiff's engagement in protected activity.

32. Defendant's activities toward Plaintiff were intentional.

33. Plaintiff complained to her supervisors and to upper management regarding the non-selection, the harassment, the disparate treatment, and hostile work environment she was being forced to endure and no corrective action or investigation was undertaken.

34. Despite Plaintiff's complaints to her supervisors and upper management nothing was done regarding Plaintiff's complaints.

35. Plaintiff experiences a great amount of stress, pain, suffering and humiliation as a direct result of Defendant's actions and/or inactions, and she has incurred lost wages, and other costs and expenses and will continue to do so into the future.

**WHEREFORE**, Plaintiff respectfully prays this Honorable Court:

(I) Award pay and the fringe benefits she has lost as a result of Defendant's unlawful and intentional discrimination including front and back pay;

(II) Award compensatory and punitive damages in excess of four hundred and fifty thousand dollars ($450,000.00), pre and post judgment interest;

(III) Award reasonable attorney's fees and cost incurred and for this action; and

(IV) Declaratory and injunctive relief; and

(V) Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all issues herein.

                              Respectfully submitted,

          By:     /s/ *Donna Williams Rucker*
                          Donna Williams Rucker, Esquire #446713
                          DUBOFF & ASSOCIATES, CHARTERED
                          8401 Colesville Road, Ste. 501
                          Silver Spring, Maryland 20910
                          (301) 495-3131     Office
                          (301) 587-1872     Facsimile

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Alfreda Hyson<br>2907 26th Street, N.E.<br>Washington, DC 20032 | ARCHITECT OF THE CAPITOL   SERVE: Office of the General Counsel<br>Ford House Office Building, Room H2-265A<br>2nd and D Streets, S.W.<br>Washington, D.C. 20515 |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Donna Williams Rucker, Esquire<br>DuBoff & Associates, Chartered   (301) 495-3131<br>8401 Colesville Road, Suite 501<br>Silver Spring, Maryland 20910 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ● H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Harassment, discrimination, & reprisal - Title VII Civil Rights Act of 1964 as amended, 29 USC 791, §201 Congressional Accountability Act

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 450,000.00+   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE June 6, 2008   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



*advancing safety, health, and workplace rights in the legislative branch*

# Office of Compliance

Office of the Executive Director

March 4, 2008

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Donna Williams Rucker, Esq.
DuBoff & Associates, Chtd.
Metro Plaza One
8401 Colesville Road, Suite 501
Silver Spring, MD  20910

**END OF MEDIATION NOTICE**
Alfreda Hyson, Employee
and
Office of the Architect of the Capitol, Employing Office
**Case No.  08-AC-10 (CV, RP)**

Dear Ms. Rucker:

This is to notify you that the mediation period has ended in the above matter without a resolution of your client's claims.  The counseling period began on **October 26, 2007** and ended on **November 26, 2007.**  The mediation period began on **November 30, 2007** and ended on **February 29, 2008.**

Your request for mediation was based upon your client's allegation(s) that the employing office violated section(s) 201 and 207 of the Congressional Accountability Act ("CAA").

If your client wishes to proceed further with this matter, your client must do so **not later than 90 days, but no sooner than 30 days**, after you receive this end of mediation notice.  During that 60-day time frame your client may either: (1) file a **formal complaint** with the Office of Compliance in accordance with section 405 of the (CAA); or (2) file a **civil action**, in accordance with section 408 of the CAA, in the United States District Court for the district which you are employed, or in the U.S. District Court for the District of Columbia.  You may assert only those claims that your client made during counseling and mediation.

If your client chooses to file a formal complaint with the Office of Compliance it must be legibly written or typed on the enclosed *Complaint* form.  The complaint must be signed by your client or his/her designated representative and contain the following information:

    (a)    the complainant's name, mailing address, and telephone number;

    (b)    the involved employing office's name, address, and telephone number;

    (c)    the name(s) and title(s) of the individual(s) involved in the conduct that your client claims violated the CAA;

Room LA 200, Adams Building • 110 Second Street, SE • Washington, DC 20540-1999 • t/202.724.9250 • f/202.426.1913 • tdd/202.426.1912

*www.compliance.gov*

(d)  a description of the conduct that your client challenges, including the date(s) and location(s) of the conduct;

(e)  a brief description of why your client believes the challenged conduct violated the CAA and your identification of each applicable section of the Act (i.e., Sec. 201 (Employment discrimination), Sec. 202 (Family and Medical Leave), Sect. 203 (Fair Labor Standards), Sec. 204 (Employee Polygraph Protection), Sec. 205 (Worker Adjustment and Retraining), Sec. 206 (Employment and Reemployment of Veterans), and Sec. 207 (Intimidation or Reprisal).

(f)  a statement of the relief or remedy sought ;

(g)  the name, address, and telephone number of the representative, if any, who will act on your client's behalf.

If your client chooses to file a formal complaint with this Office, we will serve a copy of your client's complaint, and the Office's Procedural Rules, on the named employing office, or its designated representative. The Office's transmittal letter will notify the employing office that it must file an answer to the complaint with this Office within 15 days after service of the complaint. A copy of the service list containing the names and addresses of the parties and their designated representatives will also be forwarded to the employing office.

If your client files a formal complaint with this Office, we will appoint an independent Hearing Officer to consider the complaint and render a decision. The Office of Compliance will issue a notice of hearing fixing the date, time and place of the hearing. Absent a postponement granted by this Office, or other dispositive action by the Hearing Officer, the hearing will commence no later than 60 days after the filing of the complaint.

If your client chooses to file a civil action in U.S. District Court, the Office will not process your case in court and it will be your client's responsibility to abide by all applicable Federal Rules and procedures applicable to civil actions.

We have enclosed the *Participant Survey Form*, an instrument designed to provide the Office of Compliance with important feedback on participants' experience in the mediation program. If you have not already done so, please complete the survey and return it to the Office by facsimile at (202) 426-1913 or mail it to the Office of Compliance, Adams Building, Room LA 200, 110 Second Street, S.E., Washington, D.C. 20540-1999.

If you have any questions or need any assistance, please contact this Office.

Sincerely,

Teresa M. James
Director of Dispute Resolution

Enclosures:   Facsimile Notice
              Complaint Form
              Participant Survey Form

cc:   Alfreda Hyson, Employee (with Participant Survey Form)
      Kevin Mulshine, Esq. Employing office (with Participant Survey Form)
      Marvin Johnson, Mediator